Filed 3/15/21  Qi v. Zhang CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| JIANG QI,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>YIDAN ZHANG,<br><br>    Defendant and Appellant. | B303309<br><br>(Los Angeles County<br> Super. Ct. No. KC068561) |

APPEAL from a judgment of the Superior Court for Los Angeles County, Gloria White-Brown, Judge.  Affirmed.

Law Offices of Steve Qi & Associates, Steve Qi and Steven L. Sugars for Defendant and Appellant.

Law Offices of Dilip Vithlani and Dilip Vithlani for Plaintiff and Respondent.

Defendant Yidan Zhang appeals from a judgment following a bench trial awarding plaintiff Jiang Qi $137,179.12 in damages on his complaint alleging wage and hour violations; the judgment is payable jointly and severally by her and codefendants Bluestar Express Group Inc. (Bluestar), New Diamond Trucking Inc. (New Diamond), and Tom Zhang, a.k.a. Tao Zhang.[1]  Yidan contends there was no evidence introduced at trial to support the trial court's finding that she is liable under an alter ego theory.  She has forfeited this contention, however, due to the inadequacy of her appellant's opening brief.  Accordingly, we affirm the judgment.

## BACKGROUND

In light of our finding that Yidan has forfeited the only issue she raises on appeal, our discussion of the background, which is based upon the complaint and the trial court's "order of judgment" (the court did not issue a statement of decision, as none of the parties requested one) will be brief.

Bluestar, a trucking company incorporated in California, employed Qi as a warehouse worker from December 2013 to June 2014 and March 2015 to January 2016.  Yidan is the sole shareholder and chief executive officer of Bluestar.

---

[1]    Because Yidan Zhang and Tom Zhang share a last name (although they apparently are not related to one another) we will refer to them by their first names to avoid confusion.  We mean no disrespect.

In June 2016, Qi filed a lawsuit against Bluestar and Yidan alleging various wage and hour claims related to his employment. Qi subsequently filed amendments to add defendants to the complaint, including Tom and New Diamond; all of the added defendants were dismissed except Tom and New Diamond. The complaint alleged that each of the defendants was an alter ego of the others.

At trial, Qi presented evidence regarding the relationship between Bluestar, New Diamond, Tom (who owns New Diamond), Yidan, and other people and entities. That evidence showed, among other things, that Bluestar and New Diamond both were managed and operated by Tom, and that both companies had (at times) the same address and shared office space, staff, and property.[2] Based upon the evidence

---

[2] According to Qi's trial brief, which was filed shortly before both sides rested, the evidence also showed (among other things) that (1) Tom was connected to Bluestar through family and business relations; (2) Tom's parents received money from Bluestar and New Diamond even though they performed little or no work for the companies; (3) Tom's ex-wife, who worked for Bluestar, also received money from New Diamond despite not having performed work for it; (4) Yidan's husband received a large sum of money from New Diamond even though he did not perform work for it; (5) Bluestar and New Diamond (and other affiliated companies) transferred trucks and other property among themselves without any documentation; (6) New Diamond paid Bluestar's discovery sanctions during the lawsuit; (7) Bluestar, New Diamond, and other affiliates commingled funds and interchangeably used each other's trucks; (8) Bluestar was not adequately capitalized (although Yidan testified that she made an initial capital contribution of $530,000 to Bluestar, she could not produce any bank records or documentation to show any contributions other than one for $21,250); (9) New Diamond could not produce any documentation demonstrating any capital contributions by any individual; and (10) Bluestar and New Diamond disregarded corporate formalities. Qi argued this evidence established that New Diamond, Bluestar, Tom, and Yidan all were liable as alter egos of the others or under a single enterprise theory.

received over the course of a 12-day trial, the trial court found that "the corporate veils of Bluestar and New Diamond were pierced and [the court therefore] treats the acts [of both companies] as if they were done by the individuals Yidan Zhang and Tom Zhang." The court found that Qi worked unpaid overtime hours for the defendants, that he was not paid the legal overtime compensation for his overtime hours, and that he was entitled to be paid for missed meal breaks; it found he was owed $125,227.24 in overtime pay, plus $11,952.48 for missed meal breaks. Therefore, the court ordered that Bluestar, New Diamond, Yidan, and Tom were jointly and severally liable to Qi in the amount of $137,179.72.

Judgment was entered, from which Yidan timely filed a notice of appeal.

## DISCUSSION

Yidan contends there was no evidence presented that could support a finding of alter ego or joint employer liability. In making this contention, however, Yidan fails to set forth—with specific citations to the record—any of the relevant evidence presented at trial.[3] Instead, she offers her own argumentative version of the facts, ignoring all contrary evidence. In doing so, she failed to meet her burden on appeal and has forfeited the issue.

---

[3] In both her opening brief and her reply brief, virtually all of Yidan's references to the reporter's transcript of the trial are to large swaths of the transcript, with the same pages cited at each reference.

4

A fundamental rule of appellate review is that "'a reviewing court starts with the presumption that the record contains evidence to sustain every finding of fact.'" (*Foreman & Clark Corp. v. Fallon* (1971) 3 Cal.3d 875, 881 (*Foreman*).) Yidan's contention "'requires [her] to demonstrate that there is *no* substantial evidence to support the challenged findings.' [Citations.] A recitation of only [her] evidence is not the 'demonstration' contemplated under the above rule. [Citation.] Accordingly, if, as [Yidan] here contend[s], 'some particular issue of fact is not sustained, [she is] required to set forth in [her] brief *all* the material evidence on the point and *not merely* [her] *own evidence.* Unless this is done the error is deemed to be waived.'" (*Ibid.*)

Similarly, when setting forth the evidence in the statement of facts, or when citing to facts in support of contentions made in the legal discussion, the appellant must cite to the *specific* portion of the record that supports each contention. If the appellant fails to do so, the court may treat that contention as forfeited. (*Guthrey v. State of California* (1998) 63 Cal.App.4th 1108, 1115 (*Guthrey*) ["'The reviewing court is not required to make an independent, unassisted study of the record in search of error or grounds to support the judgment.' [Citations.] It is the duty of counsel to refer the reviewing court to the portion of the record which supports appellant's contentions on appeal. [Citation.] If no citation 'is furnished on a particular point, the court may treat it as waived'"].)

Yidan's opening brief in this appeal includes a "statement of facts" that consists mostly of some procedural history, assertions that the

evidence at trial showed that Yidan was merely a passive shareholder of Bluestar,[4] and observations that the trial court failed to point to any evidence supporting its finding of alter ego and/or joint employer liability in its "statement of decision."[5]  Virtually all of Yidan's citations to the reporter's transcripts of the trial in support of her facts are to the same 140-odd pages of testimony.

In the argument section of her opening brief, she appropriately cites to cases that discuss the factors that may be considered in determining whether to apply the alter ego doctrine.  But despite having notice of the factors and evidence Qi relied upon (in his trial brief) to establish alter ego liability, Yidan addresses in her appellant's opening brief only one such factor:  failure to adequately capitalize the corporation.  And in doing so, she discusses only the evidence she presented while ignoring the evidence Qi presented.  Moreover, she once again fails to cite to the specific parts of the record that support her assertion, instead citing to the same 140-odd pages of reporter's transcript that she cites throughout her brief.

By failing to set forth *all* material evidence relevant to alter ego liability, and by failing to cite to specific portions of the record that

---

[4]     We note that, in fact, the evidence was that Yidan was the sole shareholder and chief executive officer of Bluestar.

[5]     Yidan's reference to a "statement of decision" and to joint employer liability is incorrect.  The trial court stated in its ruling, which it called an "order of judgment," that none of the parties requested a statement of decision.  Therefore, the court was not required to make specific factual findings to support its ruling on alter ego liability.  The court did not make any finding of joint employer liability, instead finding that all parties were alter egos of the others.

support her contentions, Yidan has failed "'to demonstrate that there is *no* substantial evidence to support the challenged findings.'" (*Foreman, supra*, 3 Cal.3d at p. 881.) Accordingly, we find her challenge to the trial court's finding of alter ego liability is forfeited and we affirm the judgment. (*Ibid.*; *Guthrey, supra*, 63 Cal.App.4th at p. 1115.)

## DISPOSITION

The judgment is affirmed. Qi shall recover his costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

                                  WILLHITE, Acting P. J.

We concur:

COLLINS, J.

CURREY, J.